**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL NO. 13-253 (GK)** |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully moves this Court, pursuant to Federal Rule of Evidence

404(b), to permit the introduction of evidence of criminal conduct on the part of the defendant,

which is relevant in the instant case as proof of, inter alia, identity, motive, intent, preparation,

plan, knowledge, and/or absence of mistake or accident. In support of its motion, the United

States relies on the following points and authorities, and such other points and authorities as may

be cited at a hearing on this motion.

**I.      The Present Case**

On May 30, 2013, at approximately 12:33 p.m., United States Capitol Police officers

were in the area of 200 Maryland Avenue S.W., an area designated as United States Capitol

Grounds. The officers observed a Blue 2006 Jeep Rubicon bearing North Carolina plate number

ABC2596 parked in a permit only parking zone with no issued permit displayed. Upon

inspection of the vehicle, the officers saw various weapons in plain view within the passenger

compartment. In addition, the officers noticed a knife with a long blade in a case attached to the

overhead roll-cage of the vehicle above the driver's seat, a knife with a black handle to the right

of the driver's seat, numerous holsters in the driver's side door, and at least two batons located in

the rear compartment of the vehicle. The officers called for a K9 sweep of the vehicle due to its suspicious nature. The K9 sweep of the vehicle yielded negative results. At approximately 1:21 p.m., the defendant approached the vehicle and told the officers that the vehicle belonged and was registered to him. The officers frisked the defendant for weapons, but none were recovered. The defendant stated that he had no weapons on him, but that there were three firearms located inside the vehicle. The defendant was placed under arrest and his vehicle was impounded.

Officers applied for and received a warrant to search the Jeep.  During a search pursuant to this warrant, law enforcement officers recovered a 9mm Ruger pistol, .44 caliber Henry rifle, .44 caliber Taurus rifle, three axes, 14 assorted knives (including one machete and one switchblade), 173 rounds of .44 ammunition, and 58 rounds of 9mm ammunition.

The defendant has been indicted on one count of Unlawful Possession of a Firearm on Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(1), and one count of Carrying a Pistol, in violation of 22 D.C. Code §4504(a).

## II.  The Defendant's Other Criminal Conduct

At trial, the government intends to present evidence regarding the weapons possession incident described below, pursuant to Federal Rule of Evidence 404(b).[1]

On November 28, 2001, New Philadelphia, Ohio Police officers observed a vehicle travelling with expired tags. The officers recognized the driver, defendant Class, as someone they had previously arrested for operating on an expired driver's license. The officers conducted a traffic stop of the vehicle.  The officers told the defendant that they were going to frisk him for weapons, at which point he indicated that he had a concealed knife on his person. He removed

---

[1]  The following factual proffers are statements of facts intended to provide the necessary factual predicate for this motion.

the knife and tossed it inside the car. The officers impounded the vehicle and, in the process of conducting an inventory search, recovered the following items: two nightsticks containing swords, a sawed-off 12 gauge shotgun with a bandolier containing fourteen 12 gauge shells and 36 slugs, a loaded Ruger Mini 14, a loaded Winchester 30/30 with a round in the chamber, a loaded 12 gauge Mossberg shotgun, and several knives and other edged weapons.  On October 7, 2002, following a trial in New Philadelphia Municipal Court, the defendant was found guilty of Unlawful Possession of a Dangerous Ordnance, in violation of Ohio Code § 2923.17.

This incident involves the defendant in possession of multiple firearms and other dangerous weapons in his car, similar to the firearms and weapons recovered from the defendant's vehicle in the instant case. In each instance the defendant kept the firearms fully loaded with rounds in the chambers and in plain view in his vehicle.  Evidence of the defendant's November 28, 2001 conduct is therefore probative of the defendant's intent, preparation, plan, and knowledge in this case, as well as the absence of any mistake or accident regarding his possession of the weapons recovered from his vehicle.

## III.  Methods of Production of This Evidence

The government will prove the above facts through the testimony of law enforcement witnesses and by introducing certified transcripts of the relevant trial proceedings for the applicable conviction.

## IV.  Discussion

As the U.S. Court of Appeals for the District of Columbia Circuit has recognized, "Federal Rule of Evidence 404(b) authorizes admission of '[e]vidence of other crimes, wrongs, or acts' provided it is offered not 'to prove the character of a person in order to show action in conformity therewith' but rather 'for other purposes, such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010) (quoting Federal Rule of Evidence 404(b)). Importantly, this rule is one of "inclusion rather than exclusion." United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000). While the first sentence of the rule is framed restrictively, the rule is actually quite permissive, allowing the admission of other crimes evidence in all but one circumstance: for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1206. "True, the evidence may tend to show that [the defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (quoting United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990)) (emphasis in original).

Such evidence is, like all evidence, subject to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: (1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity; and, if so, (2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). "Rule 403 does not bar powerful, or even prejudicial evidence. Instead, the Rule focuses on the danger of unfair prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the evidence's probative value." United States v. Pettiford 517 F.3d 584, 590 (D.C. Cir. 2008) (internal quotation marks and

citations omitted) (emphasis and brackets in original).  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" – even when other crimes evidence is involved.  <u>Moore,</u> 732 F.2d at 989.  <u>See</u> <u>also</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence.").[2]

Here, evidence of the defendant's possession of firearms is relevant and probative to a number of issues other than character.  Namely, the evidence shows that the defendant was the possessor of the firearms in his car and that his possession was knowing and intentional, and was not the result of inadvertence, mistake, or accident.  The November 28, 2001 incident is also probative of the defendant's motive, intent, preparation, and plan to possess the firearms within the vehicle that he drove onto United States Capitol Grounds.

This Circuit has a consistent rule of allowing the admission of "other crimes" evidence related to possession of firearms under Rule 404(b).  As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."  292 F.3d at 793 (citation

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. As the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." <u>Id</u>. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. <u>Id</u>.

omitted).  In addition, this Circuit and others admit evidence of "other crimes," as relevant to constructive possession of firearms.  See, e.g., United States v. Garner, 396 F.3d 438, 443-445 (D.C. Cir. 2005) (in constructive possession case, evidence of defendant's prior possession of a gun was properly admitted to prove defendant's knowledge and constructive possession of gun); United States v. Linares, 367 F.3d 941, 949-950 (D.C. Cir. 2004) (evidence of defendant's prior or subsequent possession of a firearm is relevant in constructive possession cases in which a jury could conclude that the charged possession of a firearm was unknowing or mistaken); United States v. King, 254 F.3d 1098, 1100 (D.C. Cir. 2001) (noting that "where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged," and collecting cases); United States v. Brown, 16 F.3d 423, 431 (D.C. Cir. 1994) (evidence of defendant's possession of a gun on his person was admissible to prove defendant's constructive possession of firearms and ammunition inside of a locked safe on an earlier date "because it was relevant to show intent, knowledge, or absence of mistake with respect to the firearms found in the safe"); United States v. Knight, 2007 WL 1760929, *4-6 (D.D.C. 2007) (admitting 404(b) evidence relating to defendant's acts ten years prior to charged conduct, because knowledge, intent, and absence of mistake are key to establishing constructive possession, and prior acts of possession with intent to distribute are probative of one's intent, knowledge, and plan); United States v. Lego, 855 F.2d 542, 546 (8th Cir. 1988) (evidence of defendant's repeated involvement in same criminal activity, namely gun possession, properly admitted to negate defense of entrapment, and was far more probative than prejudicial).

Furthermore, admission of 404(b) evidence is permitted in the government's case-in-chief.  Specifically, the government is entitled to anticipate the defendant's denial of intent and

knowledge and introduce similar act evidence in its case-in-chief.  See United States v. Inserra, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the Government's case-in-chief if it is apparent that the defendant will dispute that issue"); United States v. Estabrook, 774 F.2d 284, 289 (8th Cir. 1985) ("where it is made clear at the outset of the trial that the defendant's principal defense is a lack of knowledge or intent, and thus the issue is unarguably in dispute, the government may take the defendant at his word and introduce the evidence in its case-in-chief"); United States v. Lewis, 759 F.2d 1316, 1349 n. 14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); cf. United States v. Bussey, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

Finally, the highly probative value of this evidence is not substantially outweighed by potential prejudice to the defendant.  Any potential prejudice is not unique to this case – where the government has shown a permissible non-propensity purpose – but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'"  Douglas, 482 F.3d at 601 (quoting Crowder II, 141 F.3d at 1210).  Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion.  See id.  The defense must show "compelling or unique" evidence of prejudice, Mitchell, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence.  This Circuit has consistently minimized the residual risk of

7

prejudice not by exclusion, but by issuing limiting instructions to the jury.  See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); Pettiford, 517 F.3d at 590 (D.C. Cir. 2008) (same); Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).  Thus, the evidence is not unduly prejudicial.

WHEREFORE, for the forgoing reasons, the United States respectfully requests that the Court permit at trial the introduction of the government's proffered other crimes evidence.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447889

By: _____/s/_____
Peter C. Lallas
Assistant United States Attorney
555 Fourth Street, N.W., Room 4110
Washington, D.C. 20530
(202) 252-6879