# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13-253 (RWR) |
| v. | : | |
| | : | |
| **Rodney Class** | : | |
|       **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1. On May 30, 2013, at approximately 11:30AM, Rodney Class parked his Jeep Wrangler in the 200 block of Maryland Avenue, SW, Washington, D.C., which is part of the Capitol Grounds. An agent of the United States Capitol Police observed that the vehicle lacked authorization to park in that area, and upon further inspection noticed that there appeared to be a large blade attached to the inside roller bar of the vehicle, and what appeared to the agent at the time to be a gun holster in the driver's side door.

2. Mr. Class returned to the vehicle at approximately 1:21PM. At that time he admitted to having weapons in the vehicle. The agent obtained a search warrant, which was executed after 6PM. Located inside the vehicle was a large blade attached to the roller bar. What had appeared to be a gun holster in the driver's side door was a knife with a sheath.

3. Located on the passenger seat was an unlocked grey bag containing a 9mm Ruger firearm, loaded with one round in the chamber for a total of 8 rounds. Several loaded magazines were located with 35 additional rounds. A box of 9mm ammunition was also

located with 50 rounds, or 93 rounds total.

4. Located in the passenger area was an unlocked large bag containing a .44 Taurus firearm, loaded with one round in the chamber, for a total of 7 rounds. An additional 90 rounds of .44 caliber ammunition was also recovered in the bag.

5. Located between the passenger area and the rear of the vehicle was an unlocked bag containing a .44 Henry firearm, loaded with one round in the chamber, for a total of 11 rounds. An additional 55 rounds of .44 caliber ammunition was recovered in the bag.

6. The Court set a trial date of October 27, 2014. Mr. Class was aware of the trial date but willfully chose not to come to Court. The Court issued a warrant that same day. Mr. Class was arrested on October 29, 2014, and held until his release on the plea date of November 21, 2014. To be clear, although he may have sent a letter to the Court concerning his unwillingness to appear on October 27, 2014, the government was unaware of such a letter and had fully prepared for trial.

7. As part of the plea agreement the government agreed to limit its allocution to the lower end of the guideline range, which the presentence report writer calculates at 0 months. The defendant agreed that he may not bring a vehicle to or park on Capitol Grounds. The defendant agreed that as a condition of probation that he must notify the United States Capitol Police prior to visiting the Capitol Grounds.

8. Although the defendant accepted responsibility for his conduct at the time of the plea, the defendant has continued to file his own brand of motions with the Court, which could be liberally construed as somehow contesting the nature of the charges against him. See Order of the Court dated January 26, 2015. A significant period of probation, and whether he adheres to the revocation of privileges following his felony conviction, will determine whether the

defendant actually takes what he pled to seriously, or whether the revocation of privileges and supervision are simply more rules of law for him to flout. The defendant entered Capitol Grounds, an area with which he was familiar, and an area where thousands of people work every day, with three fully loaded and unsecured firearms (not to mention numerous knives and axes) resulting in the presence of a bomb squad, a full Capitol Police presence, a prosecution by the government, Court-imposed conditions of release, rearrest, and more than three weeks of incarceration. The defendant should be aware that regardless of his opinions, and regardless of the number of motions, letters or frivolous lawsuits he or his followers files against those who would simply enforce the law, he is in no position to ever bear firearms again. The government hopes that a significant term of probation will assist Mr. Class in obeying the law as written, not as he wishes it was.

        Respectfully submitted,
        RONALD C. MACHEN JR.
        United States Attorney
        Bar No. 447889

        _____/S/_____
        JEFF PEARLMAN
        Assistant United States Attorney
        Bar No. 466901
        U.S. Attorney's Office
        555 4th Street, N.W., Room 4118
        Washington, D.C. 20530
        202-252-7228 (phone)
        Jeffrey.pearlman@usdoj.gov